IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREW GUASCH,<br><br>Petitioner,<br><br>vs.<br><br>MATTHEW CATES, in his capacity as Secretary of the California Department of Corrections and Rehabilitation, and TERRI GONZALEZ, in her capacity as Warden, California Men's Colony at San Luis Obispo, California,<br><br>Respondents._____/ | No. C 10-5628 WHA<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner currently incarcerated in California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a conviction in California state court.

According to the petition, in 2008 a jury in Santa Clara County Superior Court convicted petitioner of solicitation to commit murder, transportation and sale of a controlled substance, possession of a controlled substance for sale, and possession of a controlled substance. The trial court sentenced him to a term of twelve years and four months in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme

Court denied review. Petitioner's state habeas petition was denied by both the Court of Appeal and the Supreme Court.

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As grounds for federal habeas relief, petitioner claims that he was denied the following rights: (1) his right to confront and cross-examine witnesses due to the trial court's prohibition of certain cross-examination of the prosecution's primary witness; (2) his right to due process of law due to the prosecution's failure to produce the terms of a plea bargain with an informant; (3) his right to effective assistance of counsel due to his trial counsel's failure to make certain objections; (4) his right to a fair trial due to the introduction of "propensity for violence" evidence; (5) his right to confront and cross-examine witnesses and right to effective assistance of counsel due to improper prosecution arguments concerning "propensity for violence" evidence; and (6) constitutional violations due to cumulative errors at trial.

Liberally construed, these issues are sufficient to require a response.

1. The Clerk shall mail a copy of this order and the petition with all attachments to respondents and the respondents' attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner's counsel.

2. Respondents shall file with the Court and serve on petitioner, within **NINETY DAYS** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims in the petition, as identified above. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents within **THIRTY DAYS** of the date the answer is filed.

3. Respondents may file, within **NINETY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of nonopposition within **THIRTY DAYS** of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel. Petitioner must comply with court orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE